

FILED
SEP 3 0 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**WARREN PATRON,**

    Petitioner,

v.                                        Criminal Action No. **3:13CV383**

**ERIC WILSON,**

    Respondent.

## MEMORANDUM OPINION

Warren Patron, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition ("§ 2241 Petition). This Court convicted Patron of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and sentenced Patron to 132 months of imprisonment. In his § 2241 Petition, Patron contends that the Court should resentence him pursuant to the new mandatory minimum sentences established by the Fair Sentencing Act of 2010.[2] (§ 2241 Pet. Attach. 1.) For the reasons set forth below, the action will be DISMISSED for want of jurisdiction.

---

[1] That statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless—
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

[2] Pub. L. No. 111–120, 124 Stat. 2372.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Patron's 28 U.S.C. § 2241 Petition

Patron fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Patron fails to demonstrate that "the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Patron stands convicted, conspiring to possess with intent to distributing fifty grams or more of cocaine base, remains a crime. Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34); *see Butler v. Wilson*, --- F. App'x ----, No. 13–7809, 2014 WL 1318305, at *1 (4th Cir. Apr. 3, 2014) (affirming district court's dismissal of petitioner's attempt to use § 2241 to retroactively apply the Fair Sentencing Act's statutory mandatory minimum). Accordingly, the Court will DISMISS Patron's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

Date: 9-27-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge